| | | |
|---|---|---|
| **KEITH F. BELL, PH.D.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| -v- | ) | **Civil Action No. 1:19-cv-02386** |
| | ) | |
| **CHICAGO CUBS BASEBALL CLUB, LLC** | ) | |
| **AND JOSHUA LIFRAK** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Keith F. Bell, Ph.D. ("Dr. Bell" or "Plaintiff"), files this Complaint to recover damages arising from violations of Dr. Bell's intellectual property rights by defendants Chicago Cubs Baseball Club, LLC ("Defendant Cubs") and Joshua Lifrak ("Defendant Lifrak"). Defendant Cubs and Defendant Lifrak are hereafter referred to collectively as "Defendants." In support of his claims, Plaintiff states as follows:

### THE PARTIES

1. Plaintiff is, and at all relevant times has been, a resident of Texas.

2. Defendant Chicago Cubs Baseball Club, LLC is a limited liability company organized under the laws of the Delaware that maintains its principal place of business in Illinois. It may be served with summons through its registered agent, CT Corporation System, 208 So. LaSalle Street, Suite 814, Chicago, Illinois 60604.

3. Defendant Joshua Lifrak is a natural person who, on information and belief, resides and maintains his principal place of business in this judicial district and division. Defendant Lifrak is an employee and agent of Defendant Cubs. He may be served at his principal place of business with Defendants Cubs located at 1060 West Addison Street, Chicago, Illinois 60613.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1338(a) in that the claims arise under an act of Congress relating to copyrights. This Court also has diversity jurisdiction in this case pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are from different states and the amount in controversy exceeds $75,000. There is complete diversity among the parties.

5.  This Court has jurisdiction over Defendants because they reside and are domiciled in Illinois, conduct business in Illinois, have their principal place of business in Illinois, and committed the wrongful acts at issue in this case in Illinois.

6.  Plaintiff contends that there is both specific and general jurisdiction over Defendants in Illinois, that Defendants have sufficient minimum contacts to satisfy due process, and that the exercise of jurisdiction over Defendants comports with traditional notions of fair play and substantial justice.

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2), (c)(1)-(2), and 1400(a) because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district and because Defendants maintain their principal place of business and reside within this judicial district and division.

## THE FACTS

### *Dr. Bell and His Sports Psychology Practice*

8.  Dr. Bell is an internationally-recognized sports psychology and performance consultant. He has worked as a sports psychologist with over 500 teams, including the Olympic and national teams for the United States, Canada, Australia, New Zealand, Hong Kong, Fiji, and the Cayman Islands.

9. In addition to his work with sports teams, Dr. Bell speaks at national and international coaching symposia. Among others, he has been a featured speaker with the National High School Coaches Association, North America Soccer Association, U.S. Olympic Sports Medicine Symposium, American Swim Coaches Association, Australian Coaches Association, Canadian Coaches Association, Japanese Coaches Association, and British Swim Coaches Association.

10. Dr. Bell has also enjoyed success as an athlete and coach. He is a four-time collegiate All-American swimmer, holds numerous world and national masters swim records, and has coached U.S. national, university, collegiate, high school, and club swimming teams.

11. Further, Dr. Bell has authored and had published 10 books and over 80 articles relating to sports psychology and sports performance. He also has been a regular columnist for national swimming publications such as Swimmers, Swimmers Coach, SwimSwam, and Swim Texas Magazine, and is a periodic contributor to Austin Fit Magazine.

*Dr. Bell's Original Literary Work, Winning Isn't Normal*

12. In 1981, Dr. Bell wrote the book entitled Winning Isn't Normal ("Winning Isn't Normal" or the "Infringed Work"), which was first published in 1982. The book has enjoyed substantial acclaim, distribution, and publicity. Dr. Bell is the sole author of this work and continues to own all rights in the work.

13. Dr. Bell holds a copyright registration for the Infringed Work. A copyright registration certificate for Winning Isn't Normal was issued to Dr. Bell by the United States Copyright Office on or about September 21, 1989, with the registration number TX-0002-6726-44. A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit A**.

14. Since Dr. Bell authored and published the Infringed Work, Winning Isn't Normal, he has and continues to promote, distribute, offer for sale, and sell numerous copies of the work.

Currently, among others, Dr. Bell offers Winning Isn't Normal for sale through Amazon.com and the website keelpublications.com.

15. Dr. Bell has made and continues to make meaningful efforts to create a market for Winning Isn't Normal and to protect and enjoy the rights afforded to him under the Copyright Act. Importantly, as part of these efforts, Dr. Bell creates, markets, and sells works derivative of the Infringed Work, such as posters and t-shirts that display a particular passage from Winning Isn't Normal (the "WIN Passage"). The WIN Passage is viewed by Dr. Bell and others as the heart of Dr. Bell's literary work Winning Isn't Normal. A true and correct copy of the WIN Passage is attached as **Exhibit B**.

16. Dr. Bell owns the domain winningisntnormal.com, which points to the keelpublications.com website where Dr. Bell offers the Infringed Work Winning Isn't Normal and derivative works for sale.

17. Due to the popularity of his original work Winning Isn't Normal, Dr. Bell has been able to increase his international recognition as an authority in sports psychology and sports performance and has been asked to speak at conferences, symposia, and other engagements as a result.

18. Dr. Bell has offered and continues to offer licenses at fair and reasonable rates to others who wish to publish or otherwise use the popular WIN Passage on the internet or in traditional publishing mediums.

19. Dr. Bell has taken due care to provide notice of his copyright in Winning Isn't Normal. Dr. Bell has included pertinent copyright notices on physical and electronic copies of Winning Isn't Normal and derivative works, provides pertinent copyright notices on Amazon.com and keelpublications.com, and includes a conspicuous copyright watermark on digital images of

derivative works (such as posters) or excerpts that he posts online or otherwise distributes. Dr. Bell also includes information on keelpublications.com regarding how to contact Dr. Bell about obtaining permission to use the WIN Passage or other portions of Winning Isn't Normal.

*Defendants' Infringement of Dr. Bell's Work*

**20.** Defendant Cubs is a professional baseball team based in Chicago.

**21.** Defendant Lifrak is the director of the "Mental Skills Program" for Defendant Cubs.

**22.** Defendant Lifrak is an employee and agent of Defendant Cubs. The job responsibilities of Defendant Lifrak include issues that generally fall sports psychology, which is the specialty of Dr. Bell. In fact, the Mental Skills Program was launched in 2015 under the direction of a sports psychologist.

**23.** At the time of the acts at issue in this case and currently, Defendant Lifrak prominently notes his employment with Defendant Cubs. Plaintiff contends that maintaining an active Twitter account is something that Defendant Lifrak does in the course and scope of his employment with Defendant Cubs, and his followers include many players and coaches within Defendant Cubs' organization.

**24.** In or around May 2016, Defendant Lifrak posted an excerpt of Winning Isn't Normal on his Twitter account. A copy of this infringement is attached hereto as **<u>Exhibit C</u>**. At that time, Defendant Lifrak had over 1,000 followers. The infringement of Defendant Lifrak was "liked" at least 14 times and retweeted at least nine times.

**25.** The use of Dr. Bell's intellectual property as described herein was made without authorization from Dr. Bell and without attribution to Dr. Bell.

**26.** Defendants did not request permission to use Dr. Bell's copyrighted work at any time.

**COUNT I - COPYRIGHT INFRINGEMENT**

27. Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

28. Plaintiff owns valid copyright in the Infringed Work.

29. Defendants have, without authorization, copied one or more of the constituent elements of the Infringed Work that are original.

30. Defendants copied the heart of the Infringed Work almost or completely verbatim, rendering the offending works substantially similar to and/or functionally identical to the Infringed Work.

31. Defendants' copying of the Infringed Work was done willfully and intentionally in violation of federal copyright law, with knowledge that an agreement had not been reached with Plaintiff regarding such copying, and with knowledge that neither a license nor an assignment had been granted to Defendants allowing them to copy or use the Infringed Work.

32. Defendants have, without authorization, publicly displayed, and distributed one or more of the constituent elements of the Infringed Work that are original.

33. Defendants' public display and distribution of the heart of the Infringed Work was done willfully and intentionally in violation of federal copyright law, with knowledge that an agreement had not been reached with Plaintiff regarding such public display and distribution, and with knowledge that neither a license nor an assignment had been granted to Defendants allowing them to publicly display the Infringed Work.

34. By so copying, publicly displaying, and distributing the Infringed Work, Defendants have willfully infringed Plaintiff's copyrights therein, for which infringement Plaintiff is entitled to injunctive relief and to recover damages in the form of either Defendants' actual profits attributable to the infringements or, in the alternative and at Plaintiff's election, statutory

damages. Defendants should also be required to pay Plaintiff's attorneys' fees, as authorized by law, associated with its copyright infringement.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under 17 U.S.C. § 106;

2. Permanently enjoining Defendants and their agents, employees, affiliated companies, and those acting in concert with them from infringing Plaintiff's copyright and, specifically, enjoining them from reproducing, selling, distributing, publicly performing, or making derivative works of Plaintiff's copyrighted work;

3. Ordering the impoundment or destruction of all copies of the infringing work in the possession or control of any of the Defendants or their agents, employees, affiliated companies, and those acting in concert with them, pursuant to 17 U.S.C. § 503(b);

4. Ordering Defendants to account for and disgorge to Plaintiff all gains, profits, and advantages derived by their copyright infringement, pursuant to 17 U.S.C. § 504(b) and other law;

5. Awarding Plaintiff such actual damages as he has sustained as a result of Defendants' copyright infringement in an amount to be determined at trial, and/or statutory damages pursuant to 17 U.S.C. §§ 504(b), 504(c);

6. Awarding Plaintiff his costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505 and other law;

7. Awarding Plaintiff pre- and post-judgment interest on any monetary recovery; and

8. Granting such other and further relief as the Court deems just and appropriate.

Dated         April 9, 2019

Respectfully submitted,

/s/Adam E. Urbanczyk
AU LLC
564 W. Randolph St. 2nd Floor
Chicago, IL 60661
adamu@au-llc.com
Ph.  (312) 715-7312
Fax (312) 646-2501
ARDC No. 6301067

C. Ashley Callahan (pro hac vice to be filed)
Law Offices of C. Ashley Callahan, P.C.
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Ph.  (512) 817-3977
Fax (512) 287-3127
acallahan@callahanlawoffices.com

Joshua G. Jones (pro hac vice to be filed)
The Law Office of Joshua G. Jones
609 Castle Ridge Road, Ste. 450
Austin, TX 78746
Ph.  (512) 552-6123
jjones@jgjoneslaw.com

*Attorneys for Plaintiff*