**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| KEITH F. BELL, PH.D., | ) | Case No. 19-cv-02386 |
| | ) | |
| Plaintiff, | ) | Judge Robert M. Dow Jr. |
| v. | ) | |
| | ) | |
| CHICAGO CUBS BASEBALL CLUB, LLC | ) | |
| AND JOSHUA LIFRAK, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
<u>MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

Kal K. Shah (6275895)
Trevor J. Illes (6313097)
BENESCH FRIEDLANDER COPLAN &
   ARONOFF
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone:  (312) 212-4949
Facsimile:  (312) 767-9192
kshah@beneschlaw.com
tilles@beneschlaw.com

Attorneys for Defendants

## TABLE OF CONTENTS

**PAGE**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................. 2

LEGAL STANDARD .......................................................................................................... 3

ARGUMENT ...................................................................................................................... 4

I.     Plaintiff's Complaint Is Fatally Deficient Because It Fails to Identify an Actual Copy Subject to a Claim for Copyright Infringement. ............................................ 4

     A.     A Retweet, by Definition, Is Not A New Copy Under the Law. ........................... 5

     B.     Plaintiff Cannot Avoid the Fact that Lifrak's Retweet Did Not Produce a New Copy of the Moawad Tweet by Baldly Alleging the Contrary. ............................................................................................................. 7

II.     A Retweet Does Not Give Rise to Liability for Infringement of Display or Distribution Rights. ................................................................................................... 8

III.     The Chicago Cubs Have No Place in This Dispute. .......................................... 10

     A.     Plaintiff Has Not Properly Alleged Contributory Copyright Infringement. ................................................................................................ 10

     B.     Plaintiff Has Not Properly Alleged Vicarious Copyright Infringement. ................................................................................................ 12

IV.     Plaintiff Does Not Adequately Allege Willful or Intentional Conduct. ......................... 14

V.     Plaintiff Has Already Recovered for the Moawad Tweet, and Any Issues of Liability Relating to that Tweet Have Been Resolved on the Merits. ......................... 15

CONCLUSION ................................................................................................................. 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*In re Aimster Copyright Litig.*,
    334 F.3d 643 (7th Cir. 2003) ...................................................8

*Anderson v. Simon*,
    217 F.3d 472 (7th Cir. 2000) ...................................................6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................3, 12

*Bell v. The Moawad Group, LLC, et al.*,
    No. 17-cv-00073 (W.D. Tex. 2017)......................................2, 4

*Bell v. Moawad Group LLC, et al.*,
    No. 17-cv-02109 (D. Ariz. 2018)...............................................2

*Bell v. Pacific Ridge, et al.*,
    Case No. 3:19-cv-01307-JST (N.D. Ca. 2019)....................13, 14

*Bell v. Powell*,
    2017 WL 2533698 (S.D. Ind. June 12, 2017)...........................12

*Brechbill v. Home Invest LLC*,
    2018 WL 4384297 (N.D. Ill. Sept. 14, 2018) ...........................8

*Design Basics, LLC v. Best Built, Inc.*,
    2016 WL 4691601 (E.D. Wis. Sept. 7, 2016)......................11, 14

*Donovan v. Quade*,
    830 F. Supp. 2d 460 (N.D. Ill. 2011) ......................................15

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
    499 US 340 (1991)....................................................................4

*Flava Works, Inc. v. Clavio*,
    2012 WL 2459146 (N.D. Ill. June 27, 2012)...........................13

*Flava Works, Inc. v. Gunter*,
    689 F.3d 754 (7th Cir. 2012) ........................................ *passim*

*Frerck v. John Wiley & Sons, Inc.*,
    2014 WL 3512991 (N.D. Ill. July 14, 2014).............................10

*Gonzales v. Kid Zone, Ltd.*,
   2001 WL 930791 (N.D. Ill. Aug. 15, 2001) ...............................................14

*Hard Rock Café Licensing v. Concession Services*,
   955 F.2d 1143 (7th Cir.1992) ....................................................................12

*Hart v. Amazon.com, Inc.*,
   2015 WL 8489973 (N.D. Ill. Dec. 8, 2015)................................................10

*Killingsworth v. HSBC Bank*,
   507 F.3d 614 (7th Cir. 2007) .......................................................................3

*Leveyfilm, Inc. v. Fox Sports Interactive Media, LLC*,
   2014 WL 3368893 (N.D. Ill. July 8, 2014)...........................................5, 6, 9

*Malaker v. Cincinnati Ins. Co.*,
   2011 WL 1337095 (N.D. Ill. Apr. 7, 2011) .................................................3

*Microsoft Corp. v. Softicle.com*,
   2017 WL 5517379 (D.N.J. Sept. 29, 2017) ..................................................9

*Monotype Imaging, Inc. v. Bitstream, Inc.*,
   376 F. Supp. 2d 877 (N.D. Ill. 2005) .........................................................11

*MyPlayCity, Inc. v. Conduit Ltd.*,
   2012 WL 1107648 (S.D.N.Y. Mar. 30, 2012) .............................................9

*Panoramic Stock Images, Ltd. v. Pearson Educ., Inc.*,
   2013 WL 2357586 (N.D. Ill. May 29, 2013)...............................................11

*Perfect 10, Inc. v. Amazon.com, Inc.*,
   508 F.3d 1146 (9th Cir. 2007) ..............................................................7, 8, 9

*Pleva v. Norquist*,
   195 F.3d 905 (7th Cir. 1999) .......................................................................3

*Stephenson v. CNA Fin. Corp.*,
   777 F. Supp. 596 (N.D. Ill. 1991) ...............................................................3

*Theotokatos v. Sara Lee Pers. Prod.*,
   971 F. Supp. 332 (N.D. Ill. 1997) ...............................................................4

*Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*,
   18 F.3d 502 (7th Cir. 1994) .......................................................................14

**Federal Statutes**

17 U.S.C. § 504 (c)(2)..................................................................................14

17 U.S.C. § 512 ...........................................................................................................4

Copyright Act ..............................................................................................4, 8, 9, 10

Copyright Act 2014 .....................................................................................................5

Digital Millennium Copyright Act .................................................................1, 4, 15

**Rules**

Federal Rule of Civil Procedure 8 ...............................................................................3

Federal Rule of Civil Procedure 12(b)(6) ............................................................3, 16

**Other Authorities**

https://developer.twitter.com/en/docs/tweets/data-dictionary/overview/intro-to-
tweet-json.html (visited on June 3, 2019).....................................................6

https://developer.twitter.com/en/docs/tweets/post-and-engage/guides/tweet-
availability..................................................................................................7

https://help.twitter.com/en/using-twitter/retweet-faqs.................................................6

Twitter® *per Plaintiff's own allegations* .......................................................................7

## <u>INTRODUCTION</u>

This copyright-infringement case stems from a single tweet on Twitter® for which Plaintiff previously resolved his infringement claim with the originator. Plaintiff now attempts to assert copyright infringement by Defendants for the same tweet. This is Plaintiff's second attempt to do so against Defendants, now with the benefit of a veritable roadmap of the specific legal and factual deficiencies of his case in the form of Defendants' initial motion to dismiss. Yet, Plaintiff's amended complaint suffers from the same flaws that doomed its predecessor.

In 2016, Defendant Lifrak, an individual using his personal Twitter® account, retweeted a tweet posted by a third-party, Moawad Consulting. The original tweet allegedly contained an excerpt from Plaintiff's copyrighted book. Plaintiff ultimately sued Moawad Consulting for copyright infringement based on that original tweet. That case settled and was dismissed with prejudice. Now, nearly two years later, Plaintiff sues for Defendant Lifrak's use of Twitter® based on ***the very same tweet.*** As a threshold matter, the type of claim Plaintiff seeks to assert is generally barred by the Digital Millennium Copyright Act. But even setting that aside, Plaintiff's claim here fails because he has not and cannot allege that Defendants created an actionable copy under applicable law. Simply put, Lifrak's retweet is not an independent act of copying capable of supporting a claim for infringement. Moreover, there is no plausible basis for including the Chicago Cubs—Lifrak's employer—in this action.

Defendant pointed out these critical failures in detail and Plaintiff amended. However, the amended complaint merely adds conclusory recitations of the claims' formerly missing elements. This hollow attempt only underscores Plaintiff's inability to provide plausible law or facts to support his allegations. Because Plaintiff's claims remain deficient, his amended complaint should be dismissed with prejudice.

## **BACKGROUND**

In 2016, Defendant Lifrak, an individual, saw a tweet by a third party, Moawad Consulting, on Twitter®. The tweet contained commentary regarding the concept of "winning" and appeared to originate from Moawad (the "Moawad Tweet"). *See* Dkt. 1 at Ex. C. Lifrak decided to push the "retweet" button. He did not know and could not have known that the Moawad Tweet allegedly contained an excerpt from Plaintiff's book.

Plaintiff subsequently sued Moawad for copyright infringement. *See Bell v. The Moawad Group, LLC, et al.*, No. 17-cv-00073 (W.D. Tex. 2017).[1] Shortly thereafter, Moawad removed the Moawad Tweet, causing ***all retweets to be deleted***, including Lifrak's. In other words, the sole tweet at issue was removed by its originator, the only party to create a copy of Plaintiff's material. Plaintiff and Moawad eventually settled, and Plaintiff dismissed his copyright claim with prejudice. *See Bell v. Moawad Group LLC, et al.*, No. 17-cv-02109 (D. Ariz. 2018) (Dkt. 85). Despite resolving all copyright claims relating to the Moawad Tweet on the merits*,* Plaintiff now sues Lifrak—and, implausibly, Chicago Cubs Baseball Club, LLC ("Chicago Cubs")—for that same tweet.

Defendant Chicago Cubs played no role in the underlying events leading to this action. It is a Major League Baseball franchise and maintains its own social-media presence, including an official Twitter page. There is no dispute that the Chicago Cubs did not retweet or in any way copy or relay the Moawad Tweet. Indeed, the Chicago Cubs's only relationship to this case is that it happens to be Lifrak's employer.

On April 9, 2019, Plaintiff brought this suit alleging a single copyright-infringement claim against Lifrak and a quasi-*respondeat superior* theory against the Chicago Cubs. Defendants

---

[1] The case was transferred to the District of Arizona under the caption *Bell v. Moawad Group LLC, et al.*, No. 17-cv-02109 (D. Ariz. 2018).

moved to dismiss that complaint, pointing out that a retweet does not support a copyright-infringement claim as a matter of law and that neither Lifrak nor the Chicago Cubs could be liable. (Dkt. 14). As a result, Plaintiff filed an amended complaint. Despite Defendants' detailed disclosure of the legal and factual deficiencies in Plaintiff's original complaint, the amended complaint suffers from the same fatal deficiencies. (Dkt. 18). Because Plaintiff still fails to allege a viable cause of action, and because further amendment would clearly be futile, Defendants respectfully move this Court to dismiss the amended complaint in its entirety and with prejudice.

## LEGAL STANDARD

A complaint is properly dismissed pursuant to Rule 12(b)(6) where, taking plaintiff's alleged facts to be true and construing all inferences in the plaintiff's favor, the complaint fails to state a claim on which relief can be granted. *Pleva v. Norquist*, 195 F.3d 905, 911 (7th Cir. 1999); *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007); *Stephenson v. CNA Fin. Corp.*, 777 F. Supp. 596, 598 (N.D. Ill. 1991). Stated differently, a complaint will be dismissed unless it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Importantly, a complaint cannot survive the motion-to-dismiss stage if it offers "naked assertion[s]" that are devoid of "further factual enhancement." *Id*. Federal Rule of Civil Procedure 8, which sets forth the applicable pleading requirement, "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. This Court has discretion to dismiss a complaint with prejudice if amendment would be futile. *See Malaker v. Cincinnati Ins. Co.*, 2011 WL 1337095, at *9 (N.D. Ill. Apr. 7, 2011).

## ARGUMENT

I. **Plaintiff's Complaint Is Fatally Deficient Because It Fails to Identify an Actual Copy Subject to a Claim for Copyright Infringement.**

The central question this Court must address is whether an original tweet that has been the subject of a resolved copyright-infringement action can support subsequent infringement actions against unrelated parties. Plaintiff alone bears the burden of demonstrating that it can. To do so, he must allege that those parties—Defendants here—created a <u>new copy</u> of the original tweet that is subject to the Copyright Act. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 US 340, 361 (1991) (identifying the requisite elements for a claim of copyright infringement as "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.").[2] Because Plaintiff cannot do so as a matter of established law, his amended complaint must be dismissed.

As an initial matter, the Digital Millennium Copyright Act ("DMCA") restricts suits like this, which stem exclusively from conduct occurring on Twitter®. Such claims must proceed against Twitter under the DMCA and its accompanying "limitations on liability relating to material online." 17 U.S.C. § 512. Plaintiff has already circumvented the DMCA once by suing Moawad for the underlying tweet. *Bell v. Moawad Group LLC*, et al., No. 17-cv-02109 (D. Ariz. 2018). That case was dismissed with prejudice, precluding any further claims based on that same tweet on Twitter®. *See id.* at Dkt. 85. Plaintiff nevertheless seeks to circumvent both the DMCA and the prior resolution on the merits by suing Defendants for the Moawad Tweet. However, the amended complaint does not (and cannot) identify any independent act of copying or other infringement by Defendants. As a result, dismissal of the complaint with prejudice is appropriate. *See Theotokatos v. Sara Lee Pers. Prod.*, 971 F. Supp. 332, 343 (N.D. Ill. 1997) (dismissing with prejudice claim

---

[2] Defendants do not address the first prong of the analysis at this juncture, but reserve the right to do so should this matter proceed beyond the pleading stage.

for copyright infringement where plaintiff could prove no set of facts that would entitle him to relief).

### A. A Retweet, by Definition, Is Not A New Copy Under the Law.

In this circuit, whether electronic material constitutes a "copy" for purposes of copyright infringement is determined based on the "Server Test" established by *Flava Works, Inc. v. Gunter*, 689 F.3d 754 (7th Cir. 2012) and its progeny. Under that standard, a new copy is created **only** when a third party stores the infringing material **on its own servers**. *Id.* In contrast, a mere link or direction back (like a retweet) to the original source of a pre-existing post **is not** a new copy and, therefore, does not give rise to an independent infringement claim. *See id.; see also Leveyfilm, Inc. v. Fox Sports Interactive Media, LLC*, 2014 WL 3368893, *5 (N.D. Ill. July 8, 2014). Here, there is no dispute that the conduct at issue was limited to Twitter® and relates exclusively to a retweet, not to an original tweet. As such, under Seventh Circuit law, Plaintiff has not and cannot state a claim for copyright infringement.

In *Flava Works*, the issue was whether the defendant's use of plaintiff's videos was subject to a claim of copyright infringement. *Id.* at 757. There, the defendant permitted users of its website to view plaintiff's copyrighted videos. The defendant did so by creating a frame that initiated an electronic instruction, or link, that allowed users to view the videos as though they existed on the defendant's own site. *Id.* The Court held that such electronic linking could not support a claim for copyright infringement because the defendant did not actually create a new copy of the material on its servers, but merely linked to material hosted on third-party servers, albeit deceptively. *See Flava Works*, 689 F.3d at 762.[3]

---

[3] Similarly, in *Leveyfilm,* the court held that because the defendant's site linked to (but never downloaded) the copyrighted photo onto its own servers, the site "did not copy the photo," and its owner could not be liable under the Copyright Act. 2014 WL 3368893, *5.

Thus, Defendants here could have posted a link or window to Twitter® *on their own website*, so long as they only mirrored or directed users to the original Moawad Tweet. Yet Defendants' alleged conduct is far from even that permitted use. Here, Defendant Lifrak used Twitter's own platform to retweet the original tweet. This is not disputed, as Plaintiff's sole claim rests on Lifrak's retweet on Twitter® of the Moawad Tweet. Thus, there is no claim of a separate copy or independent server, merely a direction back **within the same platform** of the same post. This simply cannot be copyright infringement. *See Flava Works*, 689 F.3d at 762*; Leveyfilm, Inc. v. Fox Sports Interactive Media, LLC*, 2014 WL 3368893, *5 (N.D. Ill. July 8, 2014).

The retweet at issue here is not an actionable copy because it comprises an electronic instruction to Twitter® to create a window linking back to the original Moawad Tweet on Twitter®. *See* https://developer.twitter.com/en/docs/tweets/data-dictionary/overview/intro-to-tweet-json.html (visited on June 3, 2019) ("Retweeting is an action to share a Tweet with your followers, *and no other new content can be added*") (emphasis added).[4] Thus, by retweeting the Moawad Tweet, Lifrak did not generate (and could not have generated) an actionable copy of Plaintiff's alleged content. The instructions, storage, management, and reflection back to the original tweet *all* were governed exclusively by Twitter® and took place exclusively on Twitter's servers. Lifrak did not generate the Moawad Tweet, nor could he manipulate, edit, or otherwise control its content; all such control rested solely with Moawad itself and, ultimately, with Twitter®. This is perhaps best evidenced by the incontrovertible (and undisputed) fact that ***Moawad's deletion of the original Tweet also deleted Lifrak's retweet***. *See* https://help.twitter.com/en/using-twitter/retweet-faqs ("If the original Tweet was deleted by its

---

[4] The Court may take judicial notice of this fact at the motion-to-dismiss stage. *See Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000) ("In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without" converting the motion into a motion for summary judgment).

author . . . your Retweet will no longer be available") (visited on May 24, 2019); *see also* https://developer.twitter.com/en/docs/tweets/post-and-engage/guides/tweet-availability ("When the original Tweet is deleted, all Retweets are also deleted"). This all occurred solely on Twitter®. Consequently, the retweet at issue cannot satisfy the Server Test.

Because Plaintiff's amended complaint bases its copyright claims entirely on Lifrak's retweet on Twitter®, this Court can and should determine as a matter of law that no new copy was created and that copyright liability is therefore not implicated as to Defendants. *See Flava Works*, 689 F.3d at 757; *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1160-61 (9th Cir. 2007).

**B.      Plaintiff Cannot Avoid the Fact that Lifrak's Retweet Did Not Produce a New Copy of the Moawad Tweet by Baldly Alleging the Contrary.**

Plaintiff's initial complaint did not allege that Defendants created a copy of the Moawad Tweet on their servers. Defendants pointed out this fatal omission in their initial motion to dismiss. Now, Plaintiff's amended complaint seeks to avoid this deficiency, but does so merely by alleging that the Moawad Tweet "existed on servers, devices, and computer systems owned or controlled by Defendants." (AC ¶ 31). That bare assertion is contradicted by Plaintiff's remaining allegations and is insufficient to save the amended complaint.

It is well established that conclusory recitations of a claim's elements are insufficient to survive a motion to dismiss. *Gunter*, 2011 WL 1791557, at *2. In view of this circuit's adoption of the Server Test, and because at issue here is a tweet existing solely on Twitter® *per Plaintiff's own allegations*, Plaintiff must provide more than conclusory assertions that his content "existed" on Defendants' servers—he is required to provide "factual grounds" that raise his right to relief above a speculative level; "formulaic recitation[s]" of a claim's elements "will not do." *Gunter*, 2011 WL 1791557, at *2. Nor is Plaintiff's bare assertion that Lifrak's retweet did create a copy

on Defendants' servers entitled to a presumption of validity, even at the motion-to-dismiss stage.[5] *See Brechbill v. Home Invest LLC*, 2018 WL 4384297, at *14 (N.D. Ill. Sept. 14, 2018) (dismissing plaintiff's copyright claim based on defense apparent from face of complaint and noting that, under Seventh Circuit law, a plaintiff "can allege facts demonstrating that [his] lawsuit has no merit and thus plead himself out of court"). This is particularly true here, where the key allegation relates to an individual: it is implausible to suggest that Defendant Lifrak maintains his own server, let alone one for hosting Twitter® material. In short, Plaintiff has entirely failed to meet his pleading burden or to allege facts that support his conclusory claims.

## II. A Retweet Does Not Give Rise to Liability for Infringement of Display or Distribution Rights.

Plaintiff also alleges that Lifrak's retweet violated Plaintiff's display and distribution rights under the Copyright Act. These allegations fare no better. It is well established that it is the act of hosting that is determinative for allegations of online infringement in the Seventh Circuit. *See, e.g., In re Aimster Copyright Litig.*, 334 F.3d 643, 647 (7th Cir. 2003) (observing that online music-swap site could not be liable as direct copyright infringer because copyrighted music did not reside on its own server); *Flava Works*, 689 F.3d at 762. Again, Plaintiff has not alleged that Defendants hosted (or could have hosted) the supposedly infringing material, rather all conduct at issue is exclusive to Twitter® and its content.

*Flava Works* was based on a similar case from the Ninth Circuit, *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007). In *Perfect 10*, the court expressly held that a party who provides in-line links to infringing content without hosting that content cannot be liable

---

[5] Plaintiff does not even attempt to explain how a retweet posted on Lifrak's personal Twitter account could have been stored on the Chicago Cubs's servers. Consequently, the Court should entirely disregard that allegation as it relates to Defendant Chicago Cubs.

for infringing a copyright holder's display rights because *it never possesses the content* to begin with:

> [b]ecause Google's computers do not store the photographic images, Google does not have a copy of the images for purposes of the Copyright Act. ***In other words, Google does not have any 'material objects . . . in which a work is fixed . . . and from which the work can be perceived, reproduced, or otherwise communicated' and thus cannot communicate a copy***.

*Perfect 10, Inc.*, 508 F.3d at 1160-61 (citing 17 U.S.C. § 101) (emphasis added). This Court confirmed *Perfect 10*'s reasoning in *Leveyfilm*, holding that without evidence of an infringing photo's storage on the defendant's servers, the plaintiff could not establish that the photo was "displayed" for purposes of the Copyright Act. *See Leveyfilm*, 2014 WL 3368893 at *5. As discussed above in detail, Lifrak's alleged retweet did not create a copy of Plaintiff's copyrighted work or give Lifrak access to the image contained in the Moawad Tweet. Instead, it only allowed viewers on Twitter® to see the original tweet, created and posted by Moawad Consulting through Twitter®. Thus, Lifrak never reproduced or displayed any copyrighted work.

The same is true of Plaintiff's distribution rights: Lifrak cannot have distributed Plaintiff's copyrighted work because he never possessed it. At worst, Lifrak, through Twitter®, pointed users to an image of Plaintiff's work posted elsewhere by Moawad Consulting—Lifrak did not distribute the image itself. This distinction is critical: as *Perfect 10* noted, the party directing users to an infringing photograph is not liable for distribution but rather the *website publisher making that photograph available*. *Perfect 10, Inc.*, 508 F.3d at 1162; *see also Microsoft Corp. v. Softicle.com*, 2017 WL 5517379, at *2 (D.N.J. Sept. 29, 2017) ("Providing a link to a website containing infringing material does not, as a matter of law, constitute direct copyright infringement"); *MyPlayCity, Inc. v. Conduit Ltd.*, 2012 WL 1107648, at *12 (S.D.N.Y. Mar. 30, 2012) ("Because the actual transfer of a file between computers must occur, merely providing a 'link' to a site

9

containing copyrighted material does not constitute direct infringement of a holder's distribution right"). Lifrak's retweet on Twitter® was not an act of display or distribution of Plaintiff's work.

## III. The Chicago Cubs Have No Place in This Dispute.

Plaintiff's amended complaint attempts to hold the Chicago Cubs liable for Lifrak's alleged retweet by including a formulaic recitation of the elements of contributory and vicarious liability. This attempt fails, most fundamentally, because Plaintiff cannot establish a claim against Lifrak for direct copyright infringement, without which contributory and vicarious liability cannot exist. *See Hart v. Amazon.com, Inc.*, 2015 WL 8489973, at *5 (N.D. Ill. Dec. 8, 2015) ("To state a claim for contributory and vicarious copyright infringement, a plaintiff must plead sufficient facts for a valid claim of direct copyright infringement"). Beyond that central failure, Plaintiff has mustered virtually no factual support for his derivative claims of contributory and vicarious infringement against the Chicago Cubs. Those claims must be dismissed with prejudice.

### A. Plaintiff Has Not Properly Alleged Contributory Copyright Infringement.

Contributory infringement requires a showing of (1) direct infringement by a primary infringer, (2) defendant's knowledge of the infringement, and (3) defendant's material contribution to the infringement. *Frerck v. John Wiley & Sons, Inc.*, 2014 WL 3512991, at *9 (N.D. Ill. July 14, 2014). Plaintiff's complaint fails to meet any of these indispensable elements.

As an initial matter, as explained above, a retweet cannot be an act of direct infringement under the Copyright Act. This alone precludes Plaintiff's claim of contributory infringement. But even if a retweet could constitute direct infringement, Plaintiff still falls far short of pleading the requisite knowledge by the Chicago Cubs. In fact, the amended complaint contains no factual allegations suggesting that the Chicago Cubs were ever aware of Lifrak's retweets, let alone that they allegedly infringed Plaintiff's copyright.

10

Contrary to Plaintiff's supposition, the mere existence of an employment relationship does not impute the requisite knowledge to the Chicago Cubs. *See Design Basics, LLC v. Best Built, Inc.*, 2016 WL 4691601, at *2 (E.D. Wis. Sept. 7, 2016) (a "parent's knowledge of its subsidiary's direct infringement cannot be implied"). Plaintiff's bald assertion that certain players or coaches follow Lifrak on Twitter (AC ¶¶ 27, 54) does not suggest that the Chicago Cubs, *as an organization*, had any awareness of Lifrak's social-media posts. But Plaintiff misses an even more important distinction. The law requires knowledge by the Chicago Cubs ***of the act of infringement***, not merely general awareness of Lifrak's Twitter profile. *See Monotype Imaging, Inc. v. Bitstream, Inc.*, 376 F. Supp. 2d 877, 887 (N.D. Ill. 2005) (rejecting claim for contributory infringement where plaintiff failed to establish specific knowledge of infringing activity). Here, there is no allegation, nor could there be, that either Lifrak or the Chicago Cubs had any basis to know that the Moawad Tweet incorporated Plaintiff's material. Moawad provided no indication of the source of its tweet and, in fact, took credit for the language. *See* Dkt. 1 at Ex. C. Plaintiff has not pleaded any facts supporting the notion that, despite Moawad's failure to attribute the Moawad Tweet, the Chicago Cubs were aware that it contained copyrighted material. Any such assertion would be demonstrably false, and thus Plaintiff's contributory-infringement claim necessarily fails.

Equally problematic is Plaintiff's superficial and generic assertion that the Chicago Cubs contributed to the supposed infringement. *See,* e.g., (AC ¶ 30) ("Defendant Cubs . . . contributes to the exact activity of [Lifrak] that is at issue in this case, including the infringement at issue here"); *Id.* ¶ 55. Such allegations do not provide a plausible factual basis for any contribution by the Chicago Cubs, let alone the required ***material*** contribution. *See, e.g., Panoramic Stock Images, Ltd. v. Pearson Educ., Inc.*, 2013 WL 2357586, at *3 (N.D. Ill. May 29, 2013) (dismissing claim

11

for contributory infringement where plaintiff failed to allege act of direct infringement or facts suggesting defendant induced or encouraged such infringement). Again, at issue in this case is a single retweet on Lifrak's personal Twitter® account. The notion that the Chicago Cubs as an organization focused on, let alone managed or made possible, its employees' personal Twitter® accounts in May of 2016 is nonsensical and certainly not supported by Plaintiff's bare allegations.

### B. Plaintiff Has Not Properly Alleged Vicarious Copyright Infringement.

Plaintiff's claim for vicarious copyright infringement against the Chicago Cubs is equally lacking. To state such a claim, Plaintiff must allege that the Chicago Cubs (1) possessed the right and ability to supervise Lifrak's retweet of the Moawad Tweet ("control"), and (2) had a direct financial interest in that retweet ("benefit"). *Hard Rock Café Licensing v. Concession Services*, 955 F.2d 1143, 1150 (7th Cir.1992); *see Bell v. Powell*, 2017 WL 2533698, at *6 (S.D. Ind. June 12, 2017) ("one infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it") (citation omitted). Plaintiff again has not and cannot adequately allege either element.

Plaintiff has not pleaded any facts establishing that the Chicago Cubs maintains the right to police or restrict Lifrak's personal social-media presence, or that it otherwise regulates the content of his Twitter® feed in any way. According to this Court, these are indicia of the control that justifies imposing vicarious copyright liability. *See*, e.g., *Gunter*, 2011 WL 1791557, at *5 ("To sufficiently allege the element of 'right and ability to supervise,' plaintiff will have to allege more than the mere ownership and operation" of the infringing website). Instead, Plaintiff only insists that the Chicago Cubs's purported control stems from Lifrak's "use of his social media accounts in association with Defendant Cubs." (AC ¶ 48). Such vague allegations neither establish control nor satisfy Plaintiff's pleading burden in federal court. *See Twombly*, 550 U.S. at 557.

Moreover, the amended complaint does not (and cannot) contain any allegations that the Chicago Cubs have any direct financial interest in Lifrak's personal Twitter® activity. The essential test for direct financial interest is whether "there is a causal relationship between the infringing activity and any financial benefit a defendant reaps." *Flava Works, Inc. v. Clavio*, 2012 WL 2459146, at \*4 (N.D. Ill. June 27, 2012). Here, Plaintiff has not identified—no doubt because none exists—any financial benefit inuring to the Chicago Cubs as a result of Lifrak's retweet. Instead, Plaintiff relies on the generic statement that "Defendant Cubs had a direct financial interest [in Lifrak's retweet]" because it "employs and pays" him to "perform the exact same activities." (*Id.* ¶ 29). This ambiguous claim misses the mark: Plaintiff must allege some direct financial benefit to the Chicago Cubs stemming ***from the specific retweet at issue***, not from Lifrak's general status as an employee. Plaintiff again fails to identify any such benefit.

Plaintiff's claim here is particularly troubling because it was recently rejected by another Court under almost identical circumstances. *See Bell v. Pacific Ridge, et al.*, Case No. 3:19-cv-01307-JST (N.D. Ca. 2019). In that case, this same Plaintiff relied on generic statements that the employer of an alleged infringer "directly financially benefit[ed]" from publicity garnered by the alleged infringer's LinkedIn profile, which supposedly contained Plaintiff's copyrighted material. (Dkt. 17, ¶ 29). The court found that such general allegations do not indicate direct financial benefit:

> the [LinkedIn] post contained no overt advertising message . . . At most, the Court can plausibly infer that the post contributed to a positive impression of [the individual] and his company. ***This falls short of the causal connection required to plead vicarious infringement***.

(Dkt. 31 at 11) (emphasis added). That analysis is even more apt here. While LinkedIn is arguably a business-focused social-media outlet, Lifrak's personal Twitter® profile does not serve any such purpose. Nor, it must be noted, did the retweet in question contain any overt advertising or even

13

mention the Chicago Cubs. Plaintiff's vicarious-infringement claim fails as a matter of law for the same reasons identified in *Pacific Ridge*.

## IV. Plaintiff Does Not Adequately Allege Willful or Intentional Conduct.

Plaintiff also alleges, again without any factual support, that Defendants' supposedly infringing conduct was willful and intentional. (*See* AC ¶¶ 44-45). Plaintiff's threadbare recitations of the legal elements of willful and intentional conduct do not satisfy this heightened burden.

Willful infringement "occurs where a defendant 'knows that its conduct is an infringement or if the infringer has acted in reckless disregard of the copyright owner's right.'" *Design Basics*, 2018 WL 3629309 at * 2 (quoting *Wildlife Exp. Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994). Typically, the most persuasive evidence of willfulness is a party's continued infringement after receiving notice of its infringement. *See Wildlife Exp. Corp.*, 18 F.3d at 511. A plaintiff seeking to establish willfulness bears the burden of proving it. *See* 17 U.S.C. § 504 (c)(2).

Here, Plaintiff has not even alleged that Lifrak, much less the Chicago Cubs, knew (and if so, how) that the Moawad Tweet contained copyrighted material. Lifrak is not alleged to have been familiar with Plaintiff or with any of Plaintiff's copyrighted work. The Moawad Tweet itself does not mention Plaintiff or otherwise suggest that its content is copyrighted. And, Plaintiff does not allege that he asked Lifrak to remove the retweet or that Lifrak refused. These omissions overwhelmingly refute Plaintiff's unsupported allegations of willful or intentional conduct. *See Gonzales v. Kid Zone, Ltd.*, 2001 WL 930791, at *3 (N.D. Ill. Aug. 15, 2001) (finding no willful infringement as a matter of law where plaintiff failed to show that defendant was aware its art infringed plaintiff's copyright). Instead, Plaintiff recites the same rote allegations of willfulness that he includes in virtually all of his many lawsuits, brought in courts across the country. *See*, e.g., *Pacific Ridge, et al.*, Case No. 3:19-cv-01307-JST (N.D. Ca. 2019) (Dkt. 17, ¶¶ 42-43). These do not approach the burden Plaintiff must satisfy to unlock the elevated damages he seeks.

14

V.  **Plaintiff Has Already Recovered for the Moawad Tweet, and Any Issues of Liability Relating to that Tweet Have Been Resolved on the Merits.**

Plaintiff's attempt to pursue Defendants for Lifrak's retweet is troubling not only because it seeks to circumvent the DMCA and fails to state a claim, but because Plaintiff has already obtained relief for the underlying Moawad Tweet by bringing and settling a separate action. Thus, the conduct at issue here *has already been resolved and dismissed with prejudice*. Plaintiff's attempt to obtain a second recovery, now from Defendants, is baseless and improper. *See Donovan v. Quade*, 830 F. Supp. 2d 460, 468 (N.D. Ill. 2011) (observing general prohibition against "multiple recoveries for the same injury").

It is worth emphasizing exactly what Plaintiff is seeking to do. By bringing this suit, he asks this Court to impose liability not only against a private citizen who posted a link on his personal social-media page to a seemingly innocuous third-party post, but also *against that private citizen's employer*. There is no legal basis for such an attempt, and allowing this suit to continue would contravene the DMCA's purpose and create potentially disastrous precedent for private individuals and their employers (in addition to flouting established Seventh Circuit precedent). The DMCA was specifically intended to limit copyright claims while allowing proliferation of social media and electronic sharing of information. If Plaintiff is permitted to circumvent the law and pursue downstream tweeters for an initial act of alleged copyright infringement by an unrelated third party, the DMCA's purpose will be frustrated and social-media use chilled (to say nothing about the implications of holding the employers of those downstream tweeters liable). The Seventh Circuit has repeatedly declined to adopt such an expansive view of copyright liability, and this Court should follow suit.

## **<u>CONCLUSION</u>**

For the reasons stated above, Plaintiff has not stated, and cannot state, any claim against Defendants Lifrak or the Chicago Cubs for copyright infringement. As a result, this Court should dismiss Plaintiff's amended complaint, in its entirety and with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

*/s/ Kal K. Shah*

Kal K. Shah (6275895)
Trevor J. Illes (6313097)
BENESCH FRIEDLANDER COPLAN &
    ARONOFF
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: (312) 212-4949
Facsimile: (312) 767-9192
Email:       kshah@beneschlaw.com
               tilles@beneschlaw.com

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 9th day of August 9, 2019, I electronically filed the foregoing

***Defendants' Memorandum in Support of Their Motion to Dismiss Plaintiff's Amended***

***Complaint*** with the Clerk of the Northern District of Illinois via its CM/ECF system, which will

send a notice of electronic filing to all registered participants.

*/s/ Kal K. Shah*
*Attorney for Defendants*

17